## GAMEWELL *v*. STATE.

### Opinion delivered December 16, 1918.

1. DISORDERLY HOUSE—KEEPING BAWDY HOUSE—ELEMENTS.—There being no statute covering or defining the offense of keeping a bawdy house, resort must be had to the common law to determine its elements.

2. SAME—SUFFICIENCY OF EVIDENCE.—Evidence *held* sufficient to show the keeping of a bawdy house.

3. SAME—BAWDY HOUSE—SINGLE INMATE.—The offense of keeping a bawdy house may be committed, though but one woman was an inmate for immoral purposes.

Appeal from Cleburne Circuit Court; *Jno. I. Worthington,* Judge; affirmed.

*Brundidge & Neelly,* for appellant.

The evidence does not sustain the conviction. We have no statute covering the offense and the proof shows no crime under the common law. 40 Ark. 60; 94 *Id.* 207; 30 N. J. L. 102-110; 16 Tex. App. 82-3; 96 Ala. 44; 11 So. 128.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

The indictment charges a common law offense. Kirby's Digest § § 623-4; 38 Ark. 637; 9 R. C. L. 218, § 2. The evidence shows a violation of law. *Supra.*

McCULLOCH, C. J. The defendant, John Gamewell, was convicted in the lower court of the offense of keeping a bawdy house in the town of Miller, Cleburne County, Arkansas, and the only contention on his behalf now is that the evidence is not sufficient to sustain the verdict.

There is no statute in this State covering the offense of keeping a bawdy house or defining it, and we must resort to the common law to determine what elements constitute the offense. *State* v. *Porter,* 38 Ark. 637; *Fisher* v. *City of Paragould,* 127 Ark. 268.

The defendant was operating a mercantile establishment in the town of Miller for the sale of groceries and dry goods, and lived in a room adjoining the store. There was a certain lewd woman in the neighborhood who frequented his place, and the testimony tends to show that she was there for immoral purposes. The woman did not stay there regularly, but was seen at the place frequently, and, according to the testimony, the defendant solicited other men to have intercourse with her at that place, and he had intercourse with her there. Men were seen to go there and take her away from the place, and at other times the windows and doors were closed when she went into the place.

This testimony was sufficient to bring the case within the definition of the offense set forth in the decisions cited above. The fact that immoralities were confined to the illicit association with this one woman does not take the situation out of the scope of the definition of a bawdy house, nor is the defendant, who kept the house, any less amenable to the law than the woman who was the inmate thereof for immoral purposes. *Fisher* v. *City of Paragould, supra.*

The judgment of conviction is, therefore, affirmed.